Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-mail: jesse32@sautah.com
E-Mail: chuefner@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NAVAJO NATION, a federally recognized Indian tribe, LORENA ATENE, TOMMY ROCK, HARRISON (HUTCHINGS) HUDGINS, WILFRED JONES, ELSIE BILLIE, and HERMAN FARLEY,<br><br>Plaintiffs,<br><br>v.<br><br>SAN JUAN COUNTY, a Utah governmental subdivision,<br><br>Defendant. | **DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Civil No. 2:12-cv-00039-RJS<br><br>Judge Robert J. Shelby<br><br>**TRIAL BY JURY DEMANDED** |

COMES NOW Defendant San Juan County ("Defendant") in *Answer* to Plaintiffs' *Second Amended Complaint*.[1] However, unless hereinafter specifically admitted, the allegations contained in Plaintiffs' *Second Amended Complaint* are denied.

## INTRODUCTION

1.   Responding to paragraph 1 of Plaintiffs' *Second Amended Complaint*, Plaintiffs' characterization of the nature of their suit speaks for itself. However, Defendant denies the allegations of paragraph 1.

## JURISDICTION AND VENUE

2.   Responding to paragraph 2 of Plaintiffs' *Second Amended Complaint*, Defendant admits that Plaintiffs alleged that jurisdiction is proper in this Court. Defendant, however, denies the remaining allegations contained in this paragraph.

3.   Responding to paragraph 3 of Plaintiffs' *Second Amended Complaint*, Defendant admits that Plaintiffs' venue is proper in this Court, but otherwise deny the allegations therein.

---

[1] Doc. 75.

## PARTIES

4.  Responding to paragraph 4 of Plaintiffs' *Second Amended Complaint*, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore denies the same.

5.  Responding to paragraph 5 of Plaintiffs' *Second Amended Complaint*, Defendant admits that Plaintiff Navajo Nation is a federally recognized Indian tribe, occupying some lands held in trust by the United States, and that some Tribal lands are located in parts of San Juan County.  Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations of paragraph 5 and therefore denies the same.

6.  Responding to paragraph 6 of Plaintiffs' *Second Amended Complaint*, Defendant admits that Defendant is a governmental subdivision of the State of Utah, the executive and legislative body of which is the San Juan County Commission (the "Commission"), the members of which are elected from three, single-member districts, originally created in 1984 pursuant to an *Order* of this Court, but Defendant denies the remaining allegations therein.

## **GENERAL ALLEGATIONS**

7.     Responding to paragraph 7 of Plaintiffs' *Second Amended Complaint*, the allegations of paragraph 7 request a legal conclusion, therefore Defendant does not admit or deny the allegations for the purposes of responding to the *Second Amended Complaint*.

8.     Responding to paragraph 8 of Plaintiffs' *Second Amended Complaint*, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the allegations of paragraph 8 regarding other states, and therefore denies the same.  But Defendant specifically denies the allegation that it denies members of the Navajo Tribe or any one else their right to vote.

9.     Responding to paragraph 9 of Plaintiffs' *Second Amended Complaint*, to the extent that any of the allegations of paragraph 9 request a legal conclusion, Defendant does not admit or deny such allegations for purposes of responding to paragraph 9 of Plaintiffs' *Second Amended Complaint*.  Furthermore, Defendant is without sufficient information upon which to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 and therefore denies the same.

10. Responding to paragraph 10 of Plaintiffs' *Second Amended Complaint*, Defendant states that the decision of this court in *Yanito v. Barber*, 348 F.Supp. 587 (D. Utah 1972) speaks for itself. Defendant admits that the Court issued an injunction in the *Yanito* case. Defendant further alleges that the injunction was entered against then Clerk of San Juan County directing that she certify two Indians as candidates for election to the Commission, despite their failure to comply with all of the Utah statutory filing requirements, on the grounds that the Clerk administered the statute in an unconstitutional manner by failing to provide complete information about the statutory filing requirements. Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 and therefore denies the same.

11. Responding to paragraph 11 of Plaintiffs' *Second Amended Complaint*, Defendant states that the decision and order of this court in *United States v. San Juan County, et al.*, No. C-83-1286W (D. Utah, April 4, 1984) speaks for itself. Defendant affirmatively denies any intentional acts that resulted in any dilution of Indian voting strength that may have been found by this Court in that case.

12. Responding to paragraph 12 of Plaintiffs' *Second Amended Complaint*, Defendant admits that this Court entered an injunction against the County as a result of the 1983 litigation, but denies the remaining allegations therein.

13. Responding to paragraph 13 of Plaintiffs' *Second Amended Complaint*, Defendant states that, to the extent such allegations request a legal conclusion, Defendant does not admit or deny such allegations for purposes of responding to paragraph 13 of Plaintiffs' *Second Amended Complaint*. Furthermore, Defendant affirmatively denies, as set forth elsewhere herein, both the remaining allegations contained in paragraph 13 and the other acts and omissions complained of by Plaintiffs' in their *Second Amended Complaint*.

## FIRST CLAIM

14. Responding to paragraph 14 of Plaintiffs' *Second Amended Complaint*, Defendant reincorporates its responses to paragraphs 1 through 13 above as if fully rewritten herein.

15. Responding to paragraph 15 of Plaintiffs' *Second Amended Complaint*, Defendant admits the 2010 U.S. Census determined that the total

population of San Juan County was 14,746 and that non-Hispanic white percentage was 46.2%, but denies the remaining allegations of therein.  Defendant further alleges that the 2010 U.S. Census enumeration of San Juan County determined that (a) the total American Indian or Alaska Native population was 7,431 or 50.4%; (b) the total voting-age (18 years and over) population of San Juan County was 9,729, of which 4,806 or 49.4% were American Indian or Alaska Native.

16.     Responding to paragraph 16 of Plaintiffs' *Second Amended Complaint*, Defendant states that because the allegations state a legal conclusion, Defendant does not admit or deny such allegations for purposes of responding to paragraph 16 of Plaintiffs' *Second Amended Complaint*.  Defendant further alleges that in 2011 Defendant was aware of the 2010 U.S. Census figures for San Juan County, showing that the total population of American Indian and Alaska Native was less than a majority among the voting age population.  Defendant, however, denies the remaining allegations contained in this paragraph.

17.     Responding to paragraph 17 of Plaintiffs' *Second Amended Complaint*, Defendant admits that commissioners elected from Commission election Districts One and Two have been white, but denies the remaining allegations therein.

18.     Responding to paragraph 18 of Plaintiffs' *Second Amended Complaint*, Defendant admits that the commissioner elected from Commission election District Three has always been a Native American, but denies the remaining allegations therein.  Defendant affirmatively alleges that any disproportionate racial composition of the Commission election Districts is the mandated result of the order of this Court in 1983, which required the formation of single-member election districts (in lieu three at-large districts, which is the manner in which all other commission districts in other Utah counties were, and continue to be, elected), for the purpose of increasing Native American representation.

19.     Responding to paragraph 19 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

20.     Responding to paragraph 20 of Plaintiffs' *Second Amended Complaint*, Defendant admits that legislation reapportioning the three Commission election districts was enacted at the Commission's November 14, 2011 meeting, with two commissioners voting in favor and one voting against, but Defendant denies the remaining allegations therein.

21.     Responding to paragraph 21 of Plaintiffs' *Second Amended Complaint*, Defendant admits that representatives of Plaintiffs were present at the November 14, 2011 Commission meeting, and that the those representatives presented information concerning Plaintiffs' proposed reapportionment plan and the manner in which it was prepared, but denies the remaining allegations therein. Defendant further alleges that Plaintiffs informed the Commission that it would not consider or support any other reapportionment proposal, despite other statements calling for more public input as part of any reapportionment decision.

22.     Responding to paragraph 22 of Plaintiffs' *Second Amended Complaint*, Defendant admits that Plaintiffs' representatives argued for a different reapportionment plan than that adopted by the Commission on November 14, 2011, but denies the remaining allegations therein.

23.    Responding to paragraph 23 of Plaintiffs' *Second Amended Complaint*, Defendant admits that the Commission adopted a reapportionment plan by a two-to-one vote, that the commissioners voting in favor thereof are white and the commissioner voting against it is an Indian, but denies the remaining allegations therein.

24.    Responding to paragraph 24 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

25.    Responding to paragraph 25 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

26.    Responding to paragraph 26 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

27.    Responding to paragraph 27 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

28.    Responding to paragraph 28 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

29.    Responding to paragraph 29 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

30. Responding to paragraph 30 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

31. Responding to paragraph 31 of Plaintiffs' *Second Amended Complaint*, Defendant admits that a Native American was an unsuccessful candidate in the 2012 election for Commission District One, but denies the remaining allegations therein.

32. Responding to paragraph 32 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

## SECOND CLAIM

33. Responding to paragraph 33 of Plaintiffs' *Second Amended Complaint*, Defendant reincorporates its responses to paragraphs 1 through 32 above as if fully rewritten herein.

34. Responding to paragraph 34 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein. Defendant further alleges that the San Juan County Commission Districts as established on November 14, 2011, provide all County voters, including Native American voters, with an equal

opportunity to elect the candidates of their choice, while respecting existing precincts and historical communities of interest.

35. Responding to paragraph 35 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

36. Responding to paragraph 36 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

37. Responding to paragraph 37 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

38. Responding to paragraph 38 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

39. Responding to paragraph 39 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

40. Responding to paragraph 40 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

41. Responding to paragraph 41 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

42. Responding to paragraph 42 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

43. Responding to paragraph 43 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

44. Responding to paragraph 44 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

45. Responding to paragraph 45 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

46. Responding to paragraph 46 of Plaintiffs' *Second Amended Complaint*, Defendant admits that the Commission reapportioned the Commission election Districts on November 14, 2011, but denies the remaining allegations therein.

47. Responding to paragraph 47 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

48. Responding to paragraph 48 of Plaintiffs' *Second Amended Complaint*, Defendant admits that boundary changes were made with respect to Commission election Districts One and Two, but not with respect to District

Three, but denies the remaining allegations therein. Defendant further alleges that the populations of all three Districts were taken in consideration in making those boundary changes.

49. Responding to paragraph 49 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

50. Responding to paragraph 50 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

51. Responding to paragraph 51 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

52. Responding to paragraph 52 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

## THIRD CLAIM

53. Responding to paragraph 53 of Plaintiffs' *Second Amended Complaint*, Defendant reincorporates its responses to paragraphs 1 through 52 above as if fully rewritten herein.

54. Responding to paragraph 54 of Plaintiffs' *Second Amended Complaint*, Defendant admits the allegations therein.

55. Responding to paragraph 55 of Plaintiffs' *Second Amended Complaint*, Defendant admits the current School Board election districts include two districts with Native American majorities that elect Indian members to the School Board and that the other three districts have elected non-Native Americans member to the School Board, but denies the remaining allegations therein. Defendant further alleges that the current School Board elected a Native American as School Board President.

56. Responding to paragraph 56 of Plaintiffs' *Second Amended Complaint*, Defendant admits that the Native American voting age population constitutes a majority of the voting age population in School Districts Four and Five, but denies the remaining allegations therein.

57. Responding to paragraph 57 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

58. Responding to paragraph 58 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

59. Responding to paragraph 59 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

## FOURTH CLAIM

60. Responding to paragraph 60 of Plaintiffs' *Second Amended Complaint*, Defendant reincorporates its responses to paragraphs 1 through 59 above as if fully rewritten herein.

61. Responding to paragraph 61 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein. Defendant further alleges that any variation among the school board election Districts are within the permitted range of disparity in local elections given the population and characteristics of the County and its school board election districts.

62. Responding to paragraph 62 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein. Defendant further alleges that any variation among the school board election Districts are within the permitted range of disparity in local elections given the population and characteristics of the County and its school board election districts. Defendant further alleges that Plaintiffs' have failed to take into consideration the fact that school board election District One was modified, effective January 1, 2011, to reflect the annexation of a portion of Precinct Seven, with a population of

approximately 450 according to the 2010 U.S. Census figures into the Grand County School District, as a result of which the residents of that former portion of District One will now vote in only Grand County school board elections.

63. Responding to paragraph 63 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

64. Responding to paragraph 64 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

65. Responding to paragraph 65 of Plaintiffs' *Second Amended Complaint*, Defendant denies the allegations therein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' *Second Amended Complaint* fails, in whole or in part, to state a claim upon which relief can or should be granted.

## SECOND AFFIRMATIVE DEFENSE

Based upon the Consent Decree, Plaintiffs' claims are barred by the doctrines of *res judicata*, *collateral estoppel*, *claim preclusion* and/or *issue preclusion*.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred under the doctrines of bad faith, unclean hands, accord and satisfaction, release, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims present a non-justiciable political question.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to join one or more indispensable parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

As a further, separate and additional defense, Defendant asserts that it should be awarded its attorney fees under 28 U.S.C. § 2202 and 42 U.S.C. § 1973l.

### EIGHTH AFFIRMATIVE DEFENSE

states that it has, or may have, further and additional *Affirmative Defenses* which are not yet known to Defendant but which may become known through future discovery. Defendant asserts each and every *Affirmative Defense* as it may

be ascertained through future discovery herein and reserve the right to amend its *Answer*.

## JURY DEMAND

Defendants hereby demand trial by jury.

## PRAYER

WHEREFORE, having fully answered Plaintiffs' *Second Amended Complaint*, Defendant prays that the same be dismissed with prejudice; that Defendant recovers its attorney's fees and costs of suit incurred herein; and that Defendant be awarded such other relief as the Court deems just and equitable.

DATED this 25th day of January, 2013.

SUITTER AXLAND, PLLC

/s/ jesse c. trentadue
Jesse C. Trentadue
Carl F. Huefner
Britton R. Butterfield
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of January, 2013, I electronically filed the foregoing document with the U.S. District Court for the District of Utah. Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

Steven C. Boos
MAYNES, BRADFORD, SHIPPS & SHEFTEL, LLP
835 East Second Avenue, Suite 123
P.O. 2717
Durango, CO 81301
E-Mail: sboos@mbssllp.com
*Attorneys for Plaintiffs*

Eric P. Swenson
1393 East Butler Avenue
Salt Lake City, Utah 84102
E-Mail: e.swenson4@comcast.net
*Attorneys for Plaintiffs*

D. Harrison Tsosie
Navajo Nation Department of Justice
P.O. Box 2010
Window Rock, Arizona 86515-2010
E-Mail: htsoisie@nndoj.org
*Attorneys for Plaintiffs*

/s/ jesse c. trentadue